PS

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

———————————————————

GARY DON FRANKS,

               Plaintiff,

     v.                                                          Case # 22-CV-06158-FPG

                                      ORDER

CHAD CHARLES MARKS, FREEDOM
FIGHTERS & PRISON CONSULTANTS,

               Defendants.

———————————————————

## INTRODUCTION

*Pro se* Plaintiff Gary Don Franks ("Franks") is a prisoner confined at the Federal Correctional Institution Talladega ("FCI Talladega").  On March 23, 2022, he filed a Complaint, ECF No. 1, asserting a claim for breach of contract against Chad Charles Marks ("Marks") and Freedom Fighters & Prison Consultants ("Freedom Fighters") (collectively, "Defendants").  After granting Franks' Motion for Leave to Proceed *In Forma Pauperis*, ECF No. 9, the Court screened the Complaint pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(a).  In an Order entered July 26, 2022, the Court dismissed the Complaint without prejudice for lack of subject matter jurisdiction. ECF No. 12.  Franks has filed a pleading, ECF No. 14, which the Court liberally construes as a motion to alter or amend the judgment under Rule 59(e) of the Federal Rules of Civil Procedure ("Rule 59(e)").  For the reasons discussed below, the Court does not find any reason to alter or amend the judgment.  Accordingly, the Court adheres to its previous Order dismissing the Complaint for lack of jurisdiction.

# BACKGROUND

## I.      Dismissal of Original Complaint

In his Complaint, Franks alleged that he contracted with Freedom Fighters to prepare a motion for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A)(i) on his behalf.  Franks paid Freedom Fighters $3,000 to prepare the motion.[1]   After the motion was denied, Marks demanded an additional $1,500 to prepare the appellate brief.  Franks contended that this violated their contractual agreement.  He brought suit to recover damages in the amount of $150,000; he characterized these damages as both compensatory and punitive.

To establish jurisdiction, Franks relied solely on 28 U.S.C. § 1332, which permits a district court to exercise jurisdiction over a suit between citizens of different states when the amount in controversy "exceeds the sum or value of $75,000, exclusive of interest and costs."  28 U.S.C. § 1332(a).  Franks asserted that he established the requisite amount in controversy because Marks "stole" $3,000 from him; because Marks' alleged wrongful actions "ruined" his chance of appeal and resulted in $150,000 in damages; and because the most recent quote to salvage Franks' appeal was $25,000.

Applying the law of the forum state (New York), the Court found that the appropriate measure of compensatory damages was the amount Franks paid Defendants pursuant to the contract ($3,000).  However, that amount did not fulfill § 1332's jurisdictional minimum.  The

---

[1] The Court took judicial notice of the fact that, according to the docket sheet in Franks' criminal case in the Eastern District of Texas, a motion for compassionate release was filed by Franks *pro se* on September 28, 2020, and denied on December 30, 2020.  *See Franks v. United States*, 4:14-cr-00155-MAC-KPJ-1 (E.D. Tex.), Dkt. 85 & 93.  Franks, again *pro se*, timely filed a notice of appeal. *Id.*, Dkt. 94.  The Fifth Circuit, in an unpublished opinion, determined that the district court did not abuse its discretion in weighing the 18 U.S.C. § 3553(a) factors and therefore Franks failed to demonstrate that his appeal involved any arguably meritorious issues.  *See id.*, Dkt. 97.  The appeal was dismissed as frivolous on September 20, 2021. *Id.*  On January 3, 2022, Franks filed another motion for compassionate release which was denied on July 6, 2022.  *See id.*, Dkt. 99 & 100.

Court further determined that Franks could not rely on his demand for $147,000 ($150,000 less $3,000) in punitive damages to meet the amount in controversy requirement because punitive damages are not available in an ordinary breach of contract claim and because Franks had not alleged any independently tortious conduct warranting punitive damages.  In other words, even though the diversity of citizenship requirement apparently was met, Franks was unable to fulfill his burden of proving that it appeared to a reasonable probability that his claim was in excess of the statutory jurisdictional amount.  Therefore, the Court was precluded from exercising diversity jurisdiction under 28 U.S.C. § 1332.

Furthermore, the Court found, Franks had not alleged a federal cause of action for purposes of invoking federal question jurisdiction under 28 U.S.C. § 1331.  Since there was no basis to exercise subject matter jurisdiction, the Court dismissed the case without prejudice, noting that Franks could refile his Complaint in state court within the applicable limitations period.

## II.    Motion for Joinder

Franks then filed a letter, which was docketed as a Motion for Joinder (ECF No. 14).  In it, Franks requests that Robert Marshall ("Marshall"), another inmate at FCI Talladega, be added as a plaintiff in this case.  The certificate of service indicates that Franks mailed the letter seeking Marshall's joinder on July 25, 2022.  *Id.* at 6.  It was received and entered on the Court's docket on August 1, 2022, after judgment was entered in Defendants' favor on July 26, 2022.

As an attachment to the Motion for Joinder, Franks has included a signed statement from Marshall.  According to Marshall, he paid Marks and Freedom Fighters $2,000 to prepare a motion for him; however, the parties did not sign a contract.  *Id.* at 2.  Marshall indicates that once Marks received the $2,000, he delayed in preparing the motion until after the district court had already issued a negative decision in Marshall's case.  *Id.*  Franks states that he has agreed to allow

3

Marshall to join his lawsuit because Marshall is also a victim of Marks and Freedom Fighters. *Id.* at 1.

## DISCUSSION

"It is well established that the submissions of a *pro se* litigant must be construed liberally and interpreted 'to raise the strongest arguments that they suggest.'" *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (per curiam) (quoting *Pabon v. Wright*, 459 F.3d 241, 248 (2d Cir. 2006)).  With that principle in mind, the Court will construe Franks' Motion for Joinder (ECF No. 14) as a motion for reconsideration.

Although the Federal Rules of Civil Procedure do not recognize a motion for "reconsideration[,]" *Lopez v. Goodman*, No. 10-CV-6413 CJS, 2013 WL 5309747, at *1 (W.D.N.Y. Sept. 20, 2013) (citing *Hamilton v. Williams*, 147 F.3d 367, 371 n.10 (5th Cir. 1998)), "such a motion may be construed as a motion to alter or amend judgment under Rule 59(e) or Rule 60(b)." *Hill v. Washburn*, No. 08-CV-6285-CJS, 2013 WL 5962978, at *1 (W.D.N.Y. Nov. 7, 2013) (citing *Osterneck v. Ernst & Whinney*, 489 U.S. 169, 174 (1989)).  Because the motion was received within 28 days of the entry of judgment and essentially seeks amendment of the Complaint, the Court will construe the reconsideration motion as being brought under the authority of Rule 59(e).  *See, e.g.*, *Morris v. Trump*, No. 21-CV-04445 (LTS), 2022 WL 393681, at *1 (S.D.N.Y. Feb. 9, 2022) (treating motion seeking additional time to file amended complaint, filed within 28 days after judgment dismissing complaint, as a motion to alter or amend the judgment under Rule 59(e)); *see also Ruotolo v. City of N. Y.*, 514 F.3d 184, 191 (2d Cir. 2008) ("A party seeking to file an amended complaint postjudgment must first have the judgment vacated or set aside pursuant to Fed. R. Civ. P. 59(e) or 60(b).") (citation omitted).

Generally, reconsideration is warranted only when it is necessary to correct a clear error, prevent manifest injustice, apply an intervening change in controlling law, or assess newly available evidence. *See Virgin Atl. Airways, Ltd. v. Nat'l Mediation Bd.*, 956 F.2d 1245, 1255 (2d Cir. 1992). Construed very liberally, Franks' submission could be interpreted to assert that Marshall's statement is newly available evidence in support of subject matter jurisdiction and that consideration of it is necessary to prevent manifest injustice. The Court will exercise its discretion to reconsider its prior Order in light of Marshall's statement.

The Court first assesses whether permissive joinder of Marshall is appropriate under Rule 20 of the Federal Rules of Civil Procedure ("Rule 20"). Under Rule 20, "[p]ersons may join in one action as plaintiffs if:

> (A) they assert any right to relief jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and
> (B) any question of law or fact common to all plaintiffs will arise in the action."

Fed. R. Civ. P. 20(1). "Both of these elements are required for a proper joinder of plaintiffs." *Kalie v. Bank of Am. Corp.*, 297 F.R.D. 552, 556 (S.D.N.Y. 2013) (citing *Deskovic v. City of Peekskill*, 673 F. Supp. 2d 154, 159 (S.D.N.Y. 2009); Moore's Federal Practice § 21.02[1] (3d ed. 2009) ("Failure to satisfy either prerequisite for permissive joinder constitutes misjoinder of parties.")). Although "[t]he requirements of [Rule] 20(a) are to be interpreted liberally 'to enable the court to promote judicial economy by permitting all reasonably related claims for relief by or against different parties to be tried in a single proceeding,'" *Viada v. Osaka Health Spa, Inc.*, 235 F.R.D. 55, 61 (S.D.N.Y. 2006) (quotation omitted), "the requirements of the rule still must be met and constrain the Court's discretion." *Kalie*, 297 F.R.D. at 557.

In determining whether claims made by plaintiffs to an action constitute a "single transaction or occurrence" for purposes of Rule 20, "a case by case approach is generally pursued."

*Viada*, 235 F.R.D. at 61 (quoting *Mosley v. Gen. Motors Corp.*, 497 F.2d 1330, 1333 (8th Cir. 1974)).  "[M]any courts have drawn guidance from the use of the same term in [Federal] Rule [of Civil Procedure] 13(a), applying to compulsory counterclaims." *Kalie*, 297 F.R.D. at 557 (quoting *Abraham v. Am. Home Mortg. Servicing, Inc.*, 947 F. Supp. 2d 222, 228 (E.D.N.Y. 2013)) (citing *Peterson v. Regina*, 935 F. Supp. 2d 628, 637-38 (S.D.N.Y. 2013)).  In that context, the Second Circuit applies the "logical relationship" test.  *Jones v. Ford Motor Credit Co.*, 358 F.3d 205, 209 (2d Cir. 2004).  Although this test does not require complete identity of factual backgrounds, the "'essential facts of the claims [must be] so logically connected that considerations of judicial economy and fairness dictate that all the issues be resolved in one lawsuit.'" *Id.* (quoting *Critical-Vac Filtration Corp. v. Minuteman Int'l, Inc.*, 233 F.3d 697, 699 (2d Cir. 2000)).

Marshall's statement indicates that he entered into an oral agreement with Freedom Fighters which was entirely separate from the written contractual agreement between Franks and Defendants and concerned the preparation of two different motions.  ECF No. 14 at 2.  Neither the presence of the same defendant nor the mere existence of common factual or legal questions satisfy Rule 20's "same transaction or occurrence" requirement.  *See Dante v. Nat'l Flood Ins. Program*, No. 13-CV-6297 ARR JO, 2013 WL 6157182, at *3 (E.D.N.Y. Nov. 22, 2013) (quotation omitted) (denying permissive joinder where "plaintiffs have failed to explain why their individual claims should be joined other than that they share two common facts——that they were brought about by Hurricane Sandy and brought against FEMA——and may raise similar theories of law"); *McNaughton v. Merck & Co.*, No. 04 Civ. 8297(LAP), 2004 WL 5180726, at *2 (S.D.N.Y. Dec. 17, 2004) ("[W]hile Merck's actions certainly give rise to some factual and legal questions relevant to all of the potential plaintiffs, Merck's actions do not satisfy the same transaction or occurrence requirement." (citing *In re: Baycol Prod. Liab. Litig.*, No. MDL1431, 2002 WL 32155269, at *2

(D. Minn. July 5, 2002) ("The fact that defendants' conduct is common to all of plaintiffs' claims and that the legal issues of duty, breach of duty and proximate cause and resulting harm are common do not satisfy Rule 20's requirements.")).   Evaluated in light of the required factors, Marshall's claims are not properly joined with Franks' claims under Rule 20.  *See*, *e.g.*, *Kalie*, 297 F.R.D. at 557 (holding that claims by plaintiffs who engaged in separate loan transactions by the same lender cannot be joined in a single action under permissive joinder rule).

In any event, even assuming that Marshall should be joined as a plaintiff, the Court still concludes that it cannot exercise diversity jurisdiction over this action because Franks and Marshall cannot satisfy the amount in controversy requirement.  As discussed in the Court's previous Order, the plaintiff "has the burden of proving that it appears to a reasonable probability that the claim is in excess of the statutory jurisdictional amount." *Mehlenbacher v. Akzo Nobel Salt, Inc.*, 216 F.3d 291, 296 (2d Cir. 2000) (quotation omitted).  "The Supreme Court has long held that separate and distinct claims raised by different plaintiffs may not be aggregated to satisfy the jurisdictional amount in controversy." *Id.* (citing *Snyder v. Harris*, 394 U.S. 332, 338 (1969)). Even assuming that Franks' claimed damages ($3,000) could be aggregated with Marshall's claimed damages ($2,000), they still do not approach the jurisdictional threshold of $75,000.  Thus, the requirements of 28 U.S.C. § 1332 remain unfulfilled, leaving the Court with no basis to exercise subject matter jurisdiction.  The Court therefore adheres to its prior Order dismissing the Complaint without prejudice for lack of subject matter jurisdiction.

## CONCLUSION

Finding no basis to alter or amend its judgment under Rule 59(e), the Court adheres to its prior Order dismissing the Complaint without prejudice for lack of subject matter jurisdiction.

Accordingly, Franks' Motion for Joinder (ECF No. 14), construed as a motion pursuant to Rule

59(e) to alter or amend the judgment, is DENIED.

      SO ORDERED.

Dated:      September 29, 2022
                Buffalo, New York

                    FRANK P. GERACI, JR.
                    UNITED STATES DISTRICT JUDGE
                    WESTERN DISTRICT OF NEW YORK